IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA**

    Plaintiff,

  v.

**GERALD THOMAS SCHRAM,**

    Defendant.

Case No. 1:14-cr-00457-1-MC

OPINION AND ORDER

**MCSHANE, Judge**:

Defendant Gerald Thomas Schram moves for compassionate release under 18 U.S.C. § 3582(C)(1)(A)(i). ECF No. 156. Because of the significant health concerns faced by Defendant, the Court GRANTS his motion and reduces his sentence to time served.

## **LEGAL STANDARD**

Congress, through the First Step Act, amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to file a motion directly with the district court for compassionate relief after exhausting all administrative remedies. The Court may reduce a defendant's sentence if:

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the BOP that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

1 – OPINION AND ORDER

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The pertinent policy statement for sentence reductions related to medical ailments is found at U.S.S.G. § 1B1.13. "Circumstances that may present extraordinary and compelling reasons to reduce a defendant's sentence include a 'terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory)' or 'a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover.'" *United States v. Bunnell*, No. CR1400119001PHXDGC, 2019 WL 6114599, at *1 (D. Ariz. Nov. 18, 2019) (quoting U.S.S.G. § 1B1.13, Application Note 1). The Court also considers whether the defendant is still a danger to the community by consulting the factors listed at 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(2).

The Court may thus reduce Defendant's sentence under the First Step Act if it determines the existence of extraordinary and compelling reasons and that he is no longer a danger to the community. *Bunnell*, 2019 WL 6114599, at *1.

## DISCUSSION

Defendant has 36 months left to serve on his 130-month sentence. Defendant is 68 years old and suffers from grand mal seizures, epilepsy, and chronic hepatitis C. Presentence Report ¶ 81; Ex. A, 2; Ex. B, 1. Defendant points to literature from the CDC indicating he is at a very high risk of severe illness from COVID-19 due to his age and history of liver disease. Motion, 6. As noted by Defendant, "Hepatitis C is a liver infection that weakens the immune system and, even under normal conditions, can lead to serious health problems." Motion, 6 (citing to CDC literature). Defendant's history of seizures also increases his risk of serious harm from COVID-19. Motion, 7 (citing CDC).

Defendant is housed at Victorville USP. When Defendant filed its motion on June 22, 2020, there were 2 active cases of COVID-19 at the institution. Motion, 9-10. As of July 30, 2020, there are over 50 active cases of COVID-19 at the institution. https://www.bop.gov/coronavirus/ (last visited July 30, 2020). This outbreak, along with Defendant's heightened risk of serious illness, constitutes a compelling and extraordinary reason to grant Defendant's motion.

Although data on COVID-19 is changing each day, it is unquestionable that individuals over the age of 65 with underlying health conditions, such as lung disease, heart disease, and diabetes have higher rates of fatality. *People at Risk for Serious Illness from COVID-19*, CDC (Mar. 12, 2020), https://www.cdc.gov/coronavirus/2019-ncov/specific-groups/people-at-higher-risk.html.

The only question here is whether Defendant remains a danger to the community. When assessing whether a defendant remains a danger to the community, the Policy Statement from U.S.S.G. § 1B1.13 directs the Court to consult the factors listed in 18 U.S.C. § 3142(g), which includes: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including their physical and mental condition, past conduct, history relating to drug or alcohol abuse, criminal history; (4) and whether, at the time of the current offense, the person was on probation, on parole, or on other release pending completion of a sentence. *See United States v. Spears*, Case No. 98-cr-0208-SI-22, 2019 WL 5190877, at *5 (D. Or. Oct. 15, 2019).

Defendant has a lengthy criminal history, including bank and other robberies. His last offenses occurred while he was on probation. He has spent the majority of his adult life in prison.

3 – OPINION AND ORDER

Despite his criminal history, the evidence indicates that Defendant has attempted to better himself while serving his current sentence. The Court notes prison records stating:

> Inmate Schram has consistently earned average and above average work evaluations during this period of incarceration. He has gained employable work skills through his employment in UNICOR as an orderly. He intends to seek employment in a local automotive shop upon his release from incarceration where he can utilize these skills. He has begun to compile a resume and is currently on the waiting list for the Resume Writing class.

Ex. D, 1.

The Court concludes that despite Defendant's criminal history, he is no longer a threat to the community.[1] He will be supervised by a probation officer and will reside in a reentry center. Hopefully, he will take his newly-learned skills and find employment in an automotive shop. Given the grave threat he faces from COVID-19 due to his age and medical history, along with the fact that he has made good use of the majority of his already served sentence, Defendant has proved that a reduction in sentence is sufficient, but not greater than necessary, to accomplish the sentencing purposes set forth in 18 U.S.C. § 3553(a)(2).

## CONCLUSION

Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i), ECF No. 156, is GRANTED. Defendant's sentence of imprisonment is reduced to time served, effective July 31, 2020. As part of his supervised release, Defendant must reside in and participate in the program at a residential reentry center for not more than 120 days, to be released at the direction of the probation officer. He must follow the rules and regulations of the center that may include

---

[1] The Court notes a few minor violations (possession of tobacco, failure to obey an order, and being in an unauthorized area) but no sanctions for violent conduct or use of drugs or alcohol. ECF No. 160, 16. This stands in stark contrast to sanctions for drug and threatening staff during previous periods of incarceration. ECF No. 160, 17-25. The Court also reviewed the nine-page letter Defendant wrote the Court in 2019. ECF No. 147. That letter includes additional steps Defendant has taken to reduce his likelihood of further crimes. As he acknowledges, being drug free is the first step and, by all accounts, Defendant now has more than five years of sobriety.

4 – OPINION AND ORDER

location monitoring. All other conditions of his supervised release, as described in the Amended Judgment, shall remain unchanged.

IT IS SO ORDERED.

DATED this 31st day of July, 2020.

/s/ Michael McShane  
Michael J. McShane  
United States District Judge

5 – OPINION AND ORDER